**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD PLEIMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-130 RLW |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 26). The Commissioner does not object to the request for attorneys' fees but asserts that the amount should be payable to Plaintiff.

### *Background*

On February 6, 2023, Plaintiff Ronald Pleimann filed the above-captioned cause of action challenging the denial of his application for disability insurance benefits under Title II of the Social Security Act. On March 26, 2024, the Court reversed the decision of the administrative law judge ("ALJ") and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Following the order of remand, Plaintiff's counsel filed the present application for attorneys' fees.

Plaintiff attached to his motion evidence that attorney Kelsey Young and her associates, Ashley Baine, Alexander Hall, and Daniel Parmele, performed 23.6 hours of

work in this matter on behalf of Plaintiff. All four attorneys seek hourly rates of $235.00 for hours worked in 2022 and $245.00 for hours working in 2023 and 2024. The total amount of fees sought by Plaintiff is Five Thousand Seven Hundred Seventy Dollars ($5,770.00). Defendant responded to Plaintiff's motion and did not oppose Plaintiff's request, although Defendant argues that the amount should be payable to Plaintiff, not his attorney.

### *Discussion*

The Court finds the award of fees is proper in this case. Section 2412 of the Equal Access to Justice Act (EAJA) provides that a court:

> shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. Id. Plaintiff has met all of these requirements in the instant matter. Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("a party who wins a sentence-four remand order is a prevailing party.") The Court, therefore, will award Plaintiff fees in the amount of Five Thousand Seven Hundred Seventy Dollars ($5,770.00). The award, however, shall be made payable

to Plaintiff Ronald Pleimann.  <u>See</u> <u>Astrue v. Ratliff</u>, 560 U.S. 586, 593 (2010) "([the statute] 'awards' the fees to the litigant").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees is **GRANTED.**  [ECF No. 26]

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees in the amount of Five Thousand Seven Hundred Seventy Dollars ($5,770.00).   The award shall be made payable to Ronald Pleimann.


*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this __23rd__ day of July, 2024.